UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AUSTIN B., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 23-142-JJM |
| | : | |
| MARTIN O'MALLEY, | : | |
| Commissioner of the Social Security | : | |
| Administration, | : | |
|     Defendant. | : | |

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

In this case, Plaintiff Austin B. has been represented by Green & Greenberg ("G&G"). Through August 2023, the filings in this Court on Plaintiff's behalf were all made by Attorney David F. Spunzo. On June 30, 2023, Attorney Spunzo filed Plaintiff's motion to reverse (ECF No. 9), supported by a memorandum of law. On September 1, 2023, Attorney Spunzo left G&G.[1] ECF No. 21-1 ¶ 4. On August 28, 2023, Attorney Morris Greenberg of G&G filed his entry of appearance. ECF No. 12. After two extensions, the Commissioner responded to Plaintiff's motion to reverse by filing an assented motion to remand. ECF No. 14. On September 27, 2023, the motion to remand was granted and the Court entered judgment in Plaintiff's favor, making him the "prevailing party" entitled to an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On December 27, 2023, Attorney Greenberg filed a motion seeking an award of EAJA attorney's fees of $3,534.77. ECF No. 17.

---

[1] Attorney Spunzo has not withdrawn his appearance; thus, he is still counsel of record in this case.

Plaintiff's EAJA fee motion is supported by a timesheet that purports to reflect the reasonably incurred hours related to this case. ECF No. 17-1. The Commissioner opposes the EAJA fee motion, arguing that the timesheet initially presented for negotiation of Austin's EAJA fees is seemingly a reconstruction not based on contemporaneously maintained time records and is so materially different from the one filed with the EAJA motion as to render the filed timesheet facially suspect. ECF No. 19; see id. at 10 ("Both versions of these timesheets can't be accurate."). To support this serious allegation, the Commissioner points to timesheets submitted by G&G in nine cases (including this one) pending in this District either as compromise proposals[2] and/or attached to EAJA motions. Based on this allegation, the Commissioner asks the Court to deny Plaintiff's EAJA fee motion and to award no fees or costs, despite Plaintiff's status as the prevailing party. ECF No. 19.

On reply, G&G concedes that the timesheet submitted for negotiation in Austin was "wrong"/"not correct" due to "several mistakes" made by a paralegal, but that the filed version has been corrected and that its overall fee request is modest. ECF Nos. 21 at 1-2; 21-2 ¶ 3. G&G relies on an affidavit from the paralegal, ECF No. 21-2, ("Champagne Affidavit") and on an affidavit from Attorney Spunzo ("Spunzo Affidavit"), who avers that he reviewed timesheets after his departure from G&G "as requested when they involved work [he] had performed" and that the timesheet in issue in this case "accurately listed the time entries for all of the services recorded in [his] contemporaneously kept time records." ECF No. 21-1 ¶¶ 5-6. G&G does not ask the Court to supplement the award by adding any time spent responding to the

---

[2]These compromise submissions are consistent with the salutary practice of attorneys who represent "prevailing parties" entitled to EAJA fees of submitting the timesheet for which award will be sought to the Commissioner's counsel to explore whether the parties can reach a compromise so that the EAJA motion can be presented to the Court as assented. See Conserva v. Kijakazi, Civil Action NO. 22-cv-10205-AK, 2023 WL 8126660, at *3 (D. Mass. June 23, 2023) (Attorney Spunzo represents to court that, in social security cases, he "negotiated" with Commissioner's counsel to reach mutually agreeable fee awards).

2

Commissioner's opposition, because "Plaintiff's counsel recognizes that he should have caught the mistakes in the timesheet." ECF No. 21 at 6 n.1.

Plaintiff's EAJA fee motion has been referred to me. 28 U.S.C. § 636(b)(1). Pursuant to Fed R. Civ. P. 54(d)(2)(D), I am addressing it under Fed. R. Civ. P. 72(b) as if it were a dispositive matter.

I.  **Background**

This EAJA motion presents the Court with troubling factual allegations by which the Commissioner challenges the attorney time in G&G's EAJA timesheets pertaining to eight cases[3] pending in this District,[4] including this one. To that extent, it implicates the same background that I laid out in detail in a Report and Recommendation that issued on February 21, 2024, in

---

[3] There is a ninth case, Francisco A. v. Kijakazi, No. 1:23-cv-00085-MSM-LDA (D.R.I.), that features a similarly identical timesheet but that is not challenged as discussed *infra*. Arranged in the order in which they were filed, the eight cases filed in this District for which timesheets have been challenged are:

1. Danny P. v. O'Malley, No. 1:22-cv-00409-JJM-LDA (D.R.I.).
2. Eduardo V. O'Malley, No. 1:23-cv-0011-WES-PAS (D.R.I.).
3. Adriane A. v. O'Malley, No. 1:23-cv-00077-JJM-PAS (D.R.I.).
4. Towanna L v. O'Malley, No. 1:23-cv-00109-MSM-LDA (D.R.I.).
5. Nicholas B. v. O'Malley, No. 1:23-cv-00110-JJM-LDA (D.R.I.).
6. Austin B. v. O'Malley, No. 1:23-cv-00142-JJM-PAS (D.R.I.).
7. Lisa H. v. O'Malley, No. 1:23-cv-00178-JJM-LDA (D.R.I.).
8. Michael D. v. O'Malley, No. 1:23-cv-00197-JJM-LDA (D.R.I.).

In this report and recommendation, the Social Security cases will be referred to by the claimant's first name.

[4] The Commissioner alleges that the conduct in issue also impacted two cases in the District of Massachusetts. They are Jose V. v. Kijakazi, No. 1:23-cv-10622-ADB (D. Mass.), and Julia K. v. Kijakazi, No. 3:23-cv-10426-KAR (D. Mass.). Other than to confirm that the Commissioner's representations about the timesheets in these cases appear to be well founded, I have not included out-of-District cases in my analysis.

3

Eduardo V. v. O'Malley, 23-cv-011-WES, ECF No. 28; the Eduardo facts, findings, law and conclusions are fully incorporated herein by reference.

In brief, in Eduardo, I found that the Austin timesheet presented on a day prior to December 13, 2023, to counsel for the Commissioner for compromise is verbatim identical in pivotal respects – particularly the attorney time claimed to research and write the claimant's opening brief – to each of the seven timesheets presented as compromise proposals for Francisco, Adriane, Austin, Eduardo, Lisa, Michael and Towanna, to both timesheets filed in this Court in Danny and Nicholas and similar (but not identical) to the timesheet supporting the December 18, 2023, EAJA motion in Eduardo.[5]  Eduardo, 23-cv-011-WES, ECF No. 28 at 7-8. I further found that this pattern raised such a serious question about the *bona fides* of the timesheet filed in Eduardo as to make it impossible to ascertain whether it was entirely or partially a reconstruction, as well as that the circumstances in Eduardo were egregious and an EAJA award would be unjust, and I recommended that the Eduardo EAJA fee motion be denied. Id. at 9-10, 13-15.  The details supporting these findings and the recommendation are laid out in Eduardo.  Yet, as I observed in Eduardo, I also found that G&G's past EAJA filings, for example

---

[5] G&G argues that the Court may not consider the compromise timesheets submitted in this case and the other cases because they are compromise communications that are not admissible pursuant to Fed. R. Evid. 408.  I do not agree. Rule 408 permits the Court to consider compromise communications offered for a purpose other than to prove or disprove the amount of a disputed claim or to impeach.  These timesheets are offered for another purpose.  They are relevant in Austin because their identicality (as to the time spent on the opening brief) potentially undermines the representation that the timesheet presented for EAJA reimbursement in Austin complies with 28 U.S.C. § 2412(d). To hold otherwise would result in a serious miscarriage of justice impacting the expenditure of public funds because G&G's alleged conduct is not susceptible of detection unless the timesheets from other cases are considered.  In this circumstance, I find that it is appropriate for the Court to consider the compromise timesheets in deciding whether to award an EAJA attorney's fee.  I further rely on the reality that G&G attached to its reply in Eduardo a copy of email communications between Attorney Greenberg and counsel for the Commissioner to argue that the Commissioner tried to "bully" G&G by demanding that all EAJA motions based on tainted timesheets be withdrawn.  Eduardo, 23-cv-011-WES, ECF Nos. 27 at 1; 27-2, 27-3.  Similarly, in this case, Austin, G&G's reply includes representations that present the content of the parties' compromise communications.  ECF No. 21 at 1, 2-3. Thus, G&G has asked the Court to consider these compromise communications, thereby waiving its argument that they are protected by Fed. R. Evid. 408.  See JIPC Mgmt., Inc. v. Incredible Pizza Co., No. CV 08-04310 MMM PLAx, 2009 WL 8591607, at *27 (C.D. Cal. July 14, 2009) (party that relies on compromise communication loses right to exclude it pursuant to Fed. R. Evid. 408).

in 2022, support the proposition that G&G has maintained contemporaneous time records and that the 2022 EAJA motions filed by G&G were generally appropriately supported by timesheets that appeared to be based on contemporaneous time records. Id. at 5.

In Eduardo, I described an email (filed by G&G in Eduardo) sent on December 13, 2023, by counsel for the Commissioner to Attorney Greenberg advising him of the Commissioner's observation of this troubling pattern – this email includes Austin (and the Austin compromise timesheet) as one of the cases in which the Commissioner alleged that this concerning conduct occurred. Eduardo, 23-cv-011-WES, ECF No. 28 at 6-8. For the reasons stated in Eduardo and based on the Court's review of the Austin compromise timesheet, I find that the December 13, 2023, Email accurately describes the pattern as of that date, including as to Austin.

Two weeks after the December 13, 2023, Email put G&G on notice of the Commissioner's allegations about the firm's timesheets, including Austin, on December 27, 2023, G&G filed the Austin EAJA fee motion. ECF No. 17. Attached to the motion is a timesheet (the "Austin final timesheet") that – focusing on the time spent on the opening brief but also in other respects – is materially and significantly different from the version (the "Austin compromise timesheet") presented to the Commissioner and flagged as questionable in the December 13, 2023, Email. See ECF Nos. 17; 17-1; 19-5 at 2-4. The amount sought from the Court by the Austin final timesheet ($3,534.77) is less than the fees demanded by the Austin compromise timesheet ($3,916.14). See ECF Nos. 17-1; 19-5 at 2. And the Austin final timesheet not only differs from the challenged timesheets, but also is comparable to the set of randomly chosen 2022 G&G EAJA applications that the Court considered in Eduardo, in that the time to research and write the opening brief is unique, seemingly based on contemporaneous time records.

Following the Commissioner's filing of its detailed and comprehensive opposition to the Austin EAJA motion, G&G filed its Austin reply on February 15, 2024. Unlike its approach in Danny, Nicholas and Eduardo, G&G now concedes that the questionable timesheet submitted for compromise of Austin was "wrong," "not correct," "simply a mistake" and made unintentionally, which G&G "regrets and apologizes [for]." ECF No. 21 at 1-2. According to the reply, the admittedly inaccurate entries on the Austin compromise timesheet were made by a paralegal who avers that she "made several mistakes" but corrected them and sent the corrected timesheet to Attorney Greenberg "[i]n December 2023." Champagne Affidavit ¶¶ 3-4. While the Austin paralegal does not specify her "mistakes," the Court may infer that they include the time recorded for work on the opening brief as these entries are totally changed on the filed – "corrected" – version of the Austin timesheet.

## II. Applicable Law

Under the EAJA, the prevailing plaintiff is entitled to an award of the attorney fees and other expenses actually "incurred" by that party unless "the court finds that the position of the United States was substantially justified," or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To obtain an EAJA fee award, prevailing claimants must submit to the court an application that "shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed." Id. § 2412(d)(1)(B) (emphasis added); see also Castaneda-Castillo v. Holder, 723 F.3d 48, 79 (1st Cir. 2013). The prevailing party is entitled to EAJA compensation only for a reasonable amount of legal work. Id. § 2412(d)(2)(A); McDonald v. Sec'y of Health & Hum. Servs., 884 F.2d 1468, 1480 (1st Cir. 1989) (fees and expenses, including those "related to litigation over fees," must have been "reasonably incurred").

The successful claimant bears the burden of showing that the hours claimed under the EAJA meet the statutory requirements and are reasonable, which includes the obligation to document the appropriate hours expended. Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983); Marc P. v. Kijakazi, C.A. No. 21-00112-MSM, 2022 WL 2290602, at *1 (D.R.I. June 24, 2022). The touchstone is the actual time that is reasonable; this Court has never judicially adopted a range of hours as a recognized reasonable norm for a typical case. Marc P., 2022 WL 2290602, at *2. To carry this burden, the claimant's EAJA fee application must be supported by a detailed and itemized timesheet based on contemporaneously maintained time records.[6] Castaneda-Castillo, 723 F.3d at 79 (EAJA fee application must include statement that "consist[s] of 'detailed contemporaneous time records' explaining how time was spent on each claim in the case") (quoting Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984)). "[M]eticulous timekeeping . . . should constitute the standard for [EAJA] billing." Conserva, 2023 WL 8126660, at *3. "[T]he absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance." Grendel's Den, Inc, 749 F.2d at 952. As one court recently noted in considering a G&G EAJA fee application, because these are "matters concerning the public fisc, every effort should be made to keep detailed, accurate, and contemporaneous billing records." Conserva, 2023 WL 8126660, at *3. In Conserva , the court cautioned that this approach (submitting invoices based on "detailed, accurate, and contemporaneous billing records") should also be used when seeking an EAJA fee award through negotiation – otherwise, counsel is

---

[6] As our Circuit clarified in Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 297 (1st Cir. 2001), the contemporaneous time records do not need to be physically appended to the EAJA motion, as long as the timesheet is submitted by an attorney who complied with the requirement to keep detailed contemporaneous records and the timesheet has sufficient detail accurately reflecting what is in those records.

"disincentivized [from] the meticulous timekeeping that should constitute the standard for billing."  Id.

District Courts "have considerable leeway in selecting fair and reasonable attorney's fees."  Michel v. Mayorkas, 68 F.4th 74, 81 (1st Cir. 2023) (internal quotation marks omitted).  "An attorney's statement must support the fees requested and it is within the district court's broad discretion to 'separat[e] wheat from chaff.'"  Id. (quoting Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008)).  "Reasonableness in this context is largely a matter of informed judgment by the court."  Torres-Rivera, 524 F.3d at 336.  Thus, the "district court will always retain substantial discretion in fixing the amount of an EAJA award."  Stern v. Astrue, Civil No. 08-213-P-S, 2009 WL 2824751, at *1 (D. Me. Aug. 27, 2009) (internal quotation marks omitted), adopted, 2009 WL 5174689 (D. Me. Dec. 18, 2009).

**III.   Analysis**

Plaintiff is clearly a prevailing party entitled to a reasonable fee award.  Further, the Court is satisfied that Plaintiff's counsel, G&G, maintains contemporaneous time records.  Having closely examined it, I further find that the Austin final timesheet contains nothing questionable and appears to be uniquely tailored to work that unambiguously was performed, in that an opening brief that was successful in triggering a voluntary remand plainly was written and filed.  Looking at the totality of the circumstances, including that my Eduardo recommendation of no EAJA fee was based on more extreme circumstances in that case, my recommendation is that Plaintiff's EAJA motion in this case should be granted.  With this recommendation, I include a caution – as Eduardo makes clear, the Court is very troubled by the Commissioner's allegations, particularly regarding the pattern that permits the inference that

timesheets were submitted for compromise that were not based on contemporaneous time records.

### IV.     Conclusion

Based on the foregoing, I recommend that Plaintiff's Motion for Attorneys' Fees in the amount of $3,534.77 under the EAJA (ECF No. 17) be GRANTED.  Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 22, 2024